IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | Civil Action No. 3:07-CV-1554-M BD |
| TERAX ENERGY, INC., WESTAR OIL, INC., MARK ROY ANDERSON, and LINDA CONTRERAS, | § § § § § § | |
| Defendants, | § § | |
| THE SEPTEMBER TRUST, and CAMDEN HOLDINGS, INC. | § § § § | |
| Relief Defendants. | § § | |

**INTERLOCUTORY JUDGMENT BY DEFAULT
GRANTING PERMANENT INJUNCTION AND
OTHER RELIEF AS TO DEFENDANT TERAX ENERGY, INC.**

On the 3rd day of November, 2008, the Court entered an Order Striking Answer of Defendant Terax Energy, Inc. and Entering Default.

**IT IS THEREFORE ORDERED:**

I.

Terax Energy, Inc. ("Terax"), its agents, servants, employees, attorneys, and all persons in active concert or participation with it who receive actual notice of this interlocutory judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from:

    A.    Violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), by directly or indirectly, in the offer or sale of any

    security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

B.     Violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), by directly or indirectly, in the use of any means or instruments of interstate commerce, of the mails or of any facility of any national securities exchange, using or employing in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered any manipulative or deceptive device or contrivance in contravention or a rule or regulation prescribed by the Securities and Exchange Commission.

C.     Violating Rule 10b-5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5, by directly or indirectly, in the use of any means or instruments of interstate commerce, of the mails or of any facility of any national securities exchange: (1) employing any device, scheme or artifice to defraud; (2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which were made, not misleading; or (3)

engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

    D.    Violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. § 77e(a) and (c), by directly or indirectly, (a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell a security through the use or medium of any prospectus or otherwise; or (b) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, a security for the purpose of sale or for delivery after a sale, unless a registration statement is in effect as to that security; or (3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security unless a registration statement has been filed with the Securities and Exchange Commission as to that security or while the registration statement is the subject of a refusal order or a stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II.

The Commission is entitled to an Order requiring Terax to disgorge an amount equal to the funds and benefits it obtained illegally as a result of the violations alleged herein, plus prejudgment interest on that amount. The Commission is also entitled to an Order imposing a civil penalty against Terax pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)],

and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. The Commission may, with notice to Terax, submit an application to this Court setting out an appropriate disgorgement amount, prejudgment interest thereon, and amounts appropriate for civil penalties.

III.

This Order may be served upon Terax in person, by electronic mail or by certified mail, either by the United States Marshal, the Clerk of the Court, or any member of the staff of the Securities and Exchange Commission.

IV.

There being no just reason for delay, the Clerk of this Court is hereby directed to enter this Order pursuant to Rules 58 and 79 of the Federal Rules Civil Procedure.

SIGNED this 3rd day of November, 2008.

_____
UNITED STATES ~~DISTRICT COURT~~ JUDGE
MAGISTRATE

4