IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| Plaintiff, | § § § | |
| vs. | § § § | Civil Action No.  3:07-CV-1554-M |
| **TERAX ENERGY, INC., WESTAR OIL, INC., MARK ROY ANDERSON, and LINDA CONTRERAS,** | § § § § § | |
| Defendants, | § § § | |
| **THE SEPTEMBER TRUST, and CAMDEN HOLDINGS, INC.,** | § § § | |
| Relief Defendants. | § § § | |

## AGREED FINAL JUDGMENT
## AGAINST DEFENDANT MARK ROY ANDERSON

The Securities and Exchange Commission having filed a Complaint and Defendant Mark Roy Anderson ("Anderson" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Anderson, his affiliates, servants, employees, attorneys, and all persons in active concert or participation with them who

receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Anderson, his affiliates, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Anderson, his affiliates, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Anderson shall pay a civil penalty in the amount of $130,000, pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. §78u(d)].  On behalf of Relief Defendant, The September Trust, Anderson shall pay disgorgement of $56,740, representing profits gained as a result of the sale of Terax Energy, Inc. stock by Relief Defendant The September Trust as alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,316.  Defendant shall satisfy this obligation by paying $189,056 to the Distribution Agent approved by this Court, within thirty days of such approval, together with a cover letter identifying Mark Roy Anderson as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment of $59,056 is made on behalf of Relief Defendant The September Trust, and that payment of $130,000 represents the civil penalty imposed against  Defendant, pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC §1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act

[15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

SIGNED this 4th day of March, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

Approved as to form and entry requested:


*s/ J. Kevin Edmundson*
J. KEVIN EDMUNDSON
Texas Bar No. 24044020
JEFFREY A. COHEN
Florida Bar No. 606601
United States Securities and Exchange Commission
Fort Worth Regional Office
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
(817) 978-1411 (JKE)
(817) 978-6480 (JAC)
(817) 978-4927 (Facsimile)
cohenj@sec.gov
*Counsel for Plaintiff*


*s/ Ralph Janvey*
Ralph Janvey
Texas Bar No. 10572500
Krage & Janvey, LLP
2100 Ross Avenue
Suite 2600
Dallas, Texas 75201
Direct: (214) 397-1912
rjanvey@kjllp.com
*Counsel for Defendants, Anderson, Westar & Contreras*

*s/ Mark Roy Anderson*
Mark Roy Anderson
*Defendant*