IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| VS. | § § | Civil Action No. 3:07-CV-1554-BD |
| TERAX ENERGY, INC., WESTAR OIL, INC., MARK ROY ANDERSON, and LINDA CONTRERAS, | § § § § § | |
| Defendants, | § § | Hearing Date: October 16, 2009 |
| THE SEPTEMBER TRUST, and CAMDEN HOLDINGS, INC. | § § § § | |
| Relief Defendants. | § | |

**MEMORANDUM ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTION OF KEYSTONE EXPLORATION, LTD. TO THE DISTRIBUTION AGENT'S MOTION TO APPROVE PLAN OF DISTRIBUTION TO WESTAR INVESTORS**

On April 27, 2009, the Court entered its Order Appointing Distribution Agent (the "Appointment") (Docket No. 68), under which Robert P. Shepard became the Court-appointed Distribution Agent (the "Distribution Agent") for investors in Westar Oil, Inc. ("Westar"). Pursuant to the Appointment Order and other Orders and Judgments of the Court, the Distribution Agent collected $3,041,966 disgorged (the "Disgorged Fund") by Westar, Terax Energy, Inc. ("Terax"), Mark Roy Anderson ("Anderson"), Linda Contreras ("Contreras"), and the September Trust.

On August 12, 2009, the Distribution Agent filed his Motion to Approve Plan of Distribution to Westar Investors (Docket No. 69) (the "Motion"). The Court set a deadline of September 17, 2009 for objections to the Motion, if any. Notice of the deadline set by the Court was served upon

all parties in interest. Keystone Exploration, Ltd. ("Keystone"), filed a timely objection to the Motion (Docket No. 72) (the "Objection"), asserting a claim against the Disgorged Funds in the amount of $1,000,000 that the Distribution Agent had previously examined, but rejected. Keystone's Objection further asserted that the claims of two "non-cash" investors, identified in the Motion as DKIII and PII(Jr) (the "Non-Cash Investors"), against the Disgorged Funds should be disallowed for purposes of distribution. No party in interest other than Keystone objected to the Motion.

On August 16, 2009, the Court held an evidentiary hearing on the Motion and the Objection thereto. The Distribution Agent, the Securities and Exchange Commission (the "SEC"), and Keystone appeared at the hearing. Despite notice, no other party in interest appeared at the hearing.

Based upon the evidence presented, the Court finds that Keystone should receive an allowed claim against the Disgorged Funds in the amount of $500,000 and that the remainder of Keystone's claim, in the amount of $500,000 should be disallowed for distribution purposes, without prejudice to Keystone's right to reassert such claim if additional funds become available for distribution to Westar investors.

Further, based upon the evidence presented and the legal principles governing plans of distribution, as more fully set forth below, the Court finds that the claims of the Non-Cash Investors are subordinated to the claims of all cash investors (including Keystone). Accordingly, such claims should be disallowed for distribution purposes until all cash investors are paid in full, without prejudice to the right of such Non-Cash Investors to reassert such claims if additional funds become available for distribution to Westar investors.

During the post-hearing conference held by the Court on October 16, 2009, the Distribution Agent informed the Court that he had received an additional claim for $200,000 against the

**MEMORANDUM ORDER-Page 2**

Disgorged Funds that he believed to be valid. Including the additional claim for $200,000, the Distribution Agent holds sufficient funds to make a 94% pro rata distribution to the cash investors. The SEC further informed the Court that it was considering pursuing Anderson, Westar and/or Terax for at least $200,000 and perhaps more to provide full restitution to all Westar investors. The Court therefore finds that the Distribution Agent should distribute any additional funds collected from Anderson, Westar, and/or Terax, up to $200,000, to the cash investors (including Keystone) who receive the initial distribution.

On October 22, 2009, Keystone and the SEC submitted to the Court a joint letter setting forth the respective positions regarding the matter. The positions of the SEC and Keystone closely parallel each other and are fully consistent with the Court's findings of fact and with the information given to the Court by the SEC and the Distribution Agent. The Court finds the joint statement of position to be reasonable and equitable, and its principles are incorporated herein.

The Court enjoys broad equitable discretion in fashioning a plan of distribution. *See SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331 (5th Cir. 2001) (affirming distribution plan because it was "a logical way to divide the money") (internal quotation marks omitted) (approval of distribution plan reviewed for abuse of discretion); *United States v. Durham*, 86 F.3d 70, 73 (5th Cir. 1996) (same). Put another way, the plan need only be "fair and reasonable," subject to abuse-of-discretion review. *SEC v. Fischbach Corp.*, 133 F.3d 170, 175 (2d Cir. 1997). "So long as the district court is satisfied that in the aggregate, the plan is equitable and reasonable, the SEC" – and, by extension, the Court – "may engage in the kind of line drawing that invariably leaves out some potential claimants." *Worldcom v. SEC*, 467 F.3d 73, 82 (2d Cir. 2006). Thus, the Non-Cash Investors, whose claims are of a different character than the cash investors' claims, may be

subordinated to the cash investors. Further, pro rata distributions to similar situated investors place all victims on equal footing, and have been uniformly approved by the Fifth Circuit in similar cases. *See, e.g., Forex*, 242 F.3d at 331; *Durham*, 86 F.3d at 73.

Based upon its own findings of fact and the legal principles governing plans of distribution, it is therefore ORDERED that:

1. Keystone's Objection to the Motion is sustained in part and overruled in part;

2. The plan of distribution set forth in the Motion is approved, as modified by this Order;

3. Keystone's claim against the Disgorged Funds is allowed in the amount of $500,000 for purposes of distribution and shall be paid pro-rata with the allowed claims of other cash investors. The remainder of Keystone's claim, in the amount of $500,000, is disallowed without prejudice to Keystone's right to reassert such claim later in accordance with paragraph 6 below;

4. The claims of the Non-Cash Investors are subordinated to the allowed claims of the cash investors. The claims of the Non-Cash Investors are disallowed for purposes of distribution, without prejudice to the right of the Non-Cash Investors to reassert such claims later in accordance with paragraph 6 below;

5. If the SEC seeks and obtains additional funds from Anderson, Westar, Terax or others, the SEC shall file a motion to modify the judgment(s) against those entities. Keystone shall cooperate with the SEC in its efforts to recover additional funds from Anderson, Westar, Terax, or others for the benefit of Westar investors;

6. Any additional recovery by the SEC for the benefit of Westar investors, up to $200,000, shall be distributed pro rata to all cash investors, including Keystone, who previously received a distribution of Disgorged Funds from the Distribution Agent. If additional funds, in excess of $200,00, are recovered by the SEC for the benefit of Westar investors, Keystone and the Non-Cash Investors shall be entitled to re-assert their previously disallowed claims against such funds; and.

7. The Distribution Agent is hereby directed to distribute the Disgorged Funds to the cash investors, including Keystone and the holder of the new $200,000 claim, in accordance with the Motion, as modified by this Order.

SO ORDERED this 28th day of October, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

**AGREED AS TO FORM AND CONTENT:**

**BARLOW, GARSEK & SIMON, L.L.P.**

/s/ Robert A. Simon
By:_____
Henry W. Simon, Jr.
Texas Bar No. 18394000
Robert A. Simon
Texas Bar No. 18390000

3815 Lisbon Street
Fort Worth, Texas 76107
Telephone: (817) 731-4500
Facsimile: (817) 731-6200
Attorneys for Keystone Exploration, Ltd.

**PARKS HUFFMAN McVAY SHEPARD & WELLS, P.C.**

/s/ Robert P. Shepard
By:_____
    Robert P. Shepard
    Texas Bar No. 18218990

503 East Border Street
Arlington, Texas 76010
Telephone: (817) 861-1000
Facsimile: (817) 469-1000
Attorneys for Distribution Agent


**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

/s/ Toby M. Galloway
By:_____
    Toby M. Galloway, Trial Attorney
    Texas Bar No. 00790733

Fort Worth Regional Office
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
Telephone: (817) 978-6447
Facsimile: (817) 978-4927